UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

GUNVANTBHAI PATEL,               )
                                 )
              Plaintiff,          )
                                 )
v.                               )       No.:   3:25-CV-338-TAV-JEM
                                 )
DIRECTOR, U.S. CITIZENSHIP AND   )
IMMIGRATION SERVICES,            )
                                 )
              Defendant.          )

**MEMORANDUM OPINION**

This civil action is before the Court on defendant United States Customs and Immigration Enforcement's ("USCIS") motion to dismiss for lack of subject-matter jurisdiction due to mootness [Doc. 10]. Plaintiff has not responded, and the time for doing so has elapsed. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, USCIS's motion to dismiss [Doc. 10] will be **GRANTED** and this case will be **DISMISSED**.

I.      **Background**

In his complaint, plaintiff, proceeding pro se, alleges that he is a citizen of India currently residing in Tennessee [Doc. 1, pp. 2–3]. On January 27, 2025, plaintiff filed a complete I-918 Petition for U Nonimmigrant Status [*Id.* at 3]. He also filed a Form 1-765 for work authorization [*Id.*]. However, at the time of the complaint, plaintiff alleged that USCIS had taken no action on these applications, which left him without a bona fide determination, work authorization, or deferred action [*Id.*]. Plaintiff therefore filed this action under the Administrative Procedure Act, alleging unlawfully withheld and unreasonably delayed agency action [*Id.* at 2].

## II. Standard of Review

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure a court may, at any time, *sua sponte* or upon the motion of a party, dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is appropriate when the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A plaintiff bears the burden of proving subject matter jurisdiction in order to survive dismissal pursuant to Rule 12(b)(1). *Swint v. Fultano's Pizza*, No. 5:23-cv-1556, 2023 WL 5893370, at *1 (N.D. Ohio Sept. 11, 2023).

## III. Analysis

USCIS now moves to dismiss the complaint in this case for lack of subject-matter jurisdiction due to mootness [Doc. 11, p. 1]. Specifically, USCIS states that the complaint seeks adjudication of plaintiff's deferred action, bona fide Employment Authorization and wait list determination based on his U-1 Nonimmigrant Status, and such was done on August 15, 2025 [*Id.* at 2–3]. USCIS attaches a copy of a "Bona Fide Determination Notice' as to plaintiff's 1918 Petition for U Nonimmigrant Status, dated August 14, 2025 [Doc. 11-1, p. 1] and an "Approval Notice" as to plaintiff's 1765 Application for Employment Authorization [*Id.* at 3].[1]

---

[1] Plaintiff did not respond to USCIS's motion to dismiss, and the time for doing so has long expired. *See* E.D. Tenn. L.R. 7.1(a). The Court notes that, under the Local Rules, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn.

"If a controversy is moot, the court lacks subject matter jurisdiction over the action." *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 851 (W.D. Ky. 2007). "Generally, a case is moot when issues presented are no longer live or the parties lack a 'legally cognizable interest' in the outcome of the case." *Id.* (quoting *Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004)). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Hussein v. Beecroft*, 782 F. App'x 437, 441 (6th Cir. 2019) (internal quotation marks omitted) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013)). "In the immigration context, a mandamus claim is moot when the government fully discharges its clear duty to adjudicate an application for an immigration benefit such as a visa or a citizenship petition." *Yang v. Edlow*, No. 1:24-cv-2100, 2025 WL 2243998, at *2 (N.D. Ohio Aug. 6, 2025).

Here, plaintiff's complaint alleged an unreasonable delay in USCIS's processing of his I-918 Petition for U Nonimmigrant Status and Form 1-765 for work authorization [Doc. 1, pp. 2–3]. However, the evidence before the Court clearly indicates that USCIS has now made determinations as to both the I-918 Petition and the 1-765 Form [Doc. 11-1]. Accordingly, "the government [has] fully discharge[d] its clear duty to adjudicate [the] application for an immigration benefit[,]" and this action is therefore moot. *Yang*, 2025 WL 2243998, at *2. The Court therefore lacks subject-matter jurisdiction over this case,

---

L.R. 7.2. The Court deems plaintiff's failure to respond to USCIS's motion to dismiss waiver of any opposition to the relief sought. Nonetheless, for the reasons explained in this memorandum opinion, the Court finds USCIS's motion meritorious independent of such waiver of opposition.

and USCIS's motion to dismiss [Doc. 10] will be **GRANTED**.

## VI. Conclusion

For the reasons set forth above, USCIS's motion to dismiss [Doc. 10] will be **GRANTED** and this case will be **DISMISSED**. An appropriate Order shall enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

4